1  ALYSSON SNOW (Bar No. 225185)
   JOE VILLASENOR (Bar No. 265703)
2  **LEGAL AID SOCIETY OF SAN DIEGO, INC.**
   110 South Euclid Avenue
3  San Diego, California 92114
   Tel.: 619-471-2655
4  Fax: 619-263-5697
   alyssons@lassd.org
5  joev@lassd.org

6

7  *Attorneys for Plaintiff*
   Lori King

8                 **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

   LORI KING,                          Civil Action No. **'15CV2157 L    BLM**
11

12                    Plaintiff,        **COMPLAINT FOR:**

13  vs.                                 • **VIOLATIONS OF THE**
                                          **FEDERAL TRUTH IN**
14                                        **LENDING ACT AND**
                                          **REGULATION Z;**
15  WHEELS FINANCIAL GROUP,
    LLC . *doing business as*          • **VIOLATIONS OF**
16  LOANMART, a California               **CALIFORNIA ROSENTHAL**
    corporation; CHECK CASHIERS         **FAIR DEBT COLLECTION**
17  OF SOUTHERN CALIFORNIA,             **PRACTICES ACT;**
    INC. *doing business as* USA
18  CHECKS CASHED, a California        • **DECLARATORY RELIEF**
    corporation; DOES 1 THROUGH         **FOR VIOLATIONS OF**
19  10.                                  **CALIFORNIA FINANCIAL**
                                          **CODE §§22000,** *et seq.***;**
20                    Defendant(s).
                                        • **VIOLATIONS OF**
21                                        **CALIFORNIA COMMERCIAL**
                                          **CODE §§9601,** *et seq.***; and,**
22
                                        • **VIOLATIONS OF BUSINESS**
23                                        **AND PROFESSIONS CODE**
                                          **§§17200,** *et seq.*
24
                                        **Jury Trial Demanded**
25

26

27

28

                                    -1-

                                                          COMPLAINT

Plaintiff Lori King complains and alleges against Defendant Wheels Financial Group, LLC *doing business as* LoanMart, California corporation ("Defendant LoanMart"); Defendant Check Cashiers of Southern California, Inc. *doing business as* USA Checks Cashed, a California corporation ("Defendant USA Checks Cashed"); and, Does 1 through 10 (collectively, "Defendants") as follows:

## INTRODUCTION

1.      Defendants charge extreme amounts of interest—in this case 92.45%—on auto title loans to families.  While the interest rate is painful and injurious enough, Defendants willfully violated federal and state consumer laws designed to protect people like Ms. King.  Defendants do not provide accurate disclosures on the loans themselves and employ deceitful and unlawful means to attempt to collect purported debts.  Here, Defendants charged Ms. King for fees in excess of those charged by public officials and included hidden finance charges.  Ms. King has disputed the amounts, but Defendants continue to pursue Ms. King for amounts to which they were not entitled and prohibited from collecting.    These bad actions have caused Ms. King to suffer damages.

## PARTIES

2.      Ms. King is an individual and, at all times mentioned in this Complaint, a resident of San Diego County, California.

3.      Plaintiff is informed and believes that Defendant LoanMart is a California corporation was engaging in and transacting in business in California at all relevant times in this Complaint.  The principal business office is located at 1900 S. State College Blvd., Suite 300, Anaheim, California 92806.

4.      Plaintiff is informed and believes that Defendant USA Checks Cashed is a California corporation engaging in and transacting business in California during all relevant time stated in this Complaint.  On information and belief, Defendant USA Checks Cashed's principal place of business is 790 Estate Drive, Suite 100, Deerfield, IL 60015.

5.     The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible in some manner for the events and happenings alleged in this Complaint, and proximately caused Plaintiff's damages.

6.     At all times herein mentioned, upon information and belief, Defendants were the agents, servants, and/or employees of the Defendants, and Defendants' acts shall mean that Defendants did the acts alleged through their officers, directors, managers, agents, representatives and/or employees while they were acting within the course and scope of said agency, authority, and employment.

7.     At all relevant times, Plaintiff is informed and believes and, based thereon, alleges that Defendants regularly, in the normal and ordinary course of business, attempt to collect and collects debts on behalf of itself and/or others.

8.     On information and belief, Defendants are California licensed financial institutions.

## JURISDICTION AND VENUE

9.     This Court has original jurisdiction pursuant to Title 15 of the United States Code sections 1692, *et seq.*, the federal Fair Debt Collections Practices Act, and Title 28 of the United States Code section 1331.  Further, this Court has supplemental jurisdiction pursuant to Title 28 of the United States Code section 1367.

10.     Venue is proper in the United States District Court, Southern District of California because at least one of the defendants resides in this District and a substantial part of the acts, events, and/or omissions giving rise to the claims occurred within this District.

**FACTUAL ALLEGATIONS**

11.   Ms. King called LoanMart after seeing its television advertisement. She applied for the automobile title loan over the telephone with Defendant LoanMart.

12.   On information and belief, Defendant LoanMart was acting as a broker in this transaction.

13.   Once approving Ms. King for the loan, Defendant LoanMart then instructed Ms. King to go to Defendant USA Checks Cashed, located at 4913 Convoy Street, San Diego, California 92111.

14.   On or around September 26, 2014, Plaintiff entered in to a Promissory Note and Disclosure Statement ("Agreement") with Defendant USA Checks Cashed.

15.   On information and belief, the loan was then assigned to Defendant LoanMart.

16.   Pursuant to the Agreement, Ms. King granted Defendants a security interest in her vehicle, a 2001 Toyota Highlander.

17.   The Agreement to borrow money was for primary use as personal, family or household purposes.

18.   The Agreement contained numerous inaccurate and misleading disclosures.

19.   The Agreement, in the section titled "Itemization of the Amount Financed," indicates Defendants loaned Ms. King $3,284.00.

20.   The Agreement also lists a DMV Lien Fee of $19.00, DMV Registration Fees of $125.00, and a Prepaid Finance Charge of $75.00.

21.   On information and belief, the amounts charged for DMV registration fees are inaccurate and misleading.

22.   The Agreement does not state the amount for the registration fees was estimated.

-4-

23.     On information and belief, Defendants included hidden charges in the Agreement for payments to third parties that were not disclosed in the Agreement.

24.     Defendants knew or should have known these disclosures were false at the time they were made.

25.     Ms. King relied on Defendants' representations regarding the disclosures.

26.     Ms. King has suffered damages as a direct and proximate result of these false representations.

27.     The Agreement contains confusing, misleading and inaccurate disclosures related to the annual percentage rate ("APR").  The Agreement listed the annual percentage rate ("APR") as 92.45 percent.  This APR is off by more than .125 percent, the permissible range of error under the federal Truth in Lending Act and Regulation Z.

28.     The amount financed is disclosed as $3,428.00.   On information and belief, the Agreement inaccurately disclosed the amount of the amount financed.

29.     On information and belief the finance charge is likewise inaccurate and misleading.

30.     On information and belief, these false disclosures are a pattern and practice of Defendants.

31.     Ms. King made monthly payments of $283.72 a month, for approximately 6 months.

32.     Defendants repossessed the vehicle.

33.     On information and belief, the repossession was unreasonable and unnecessary.

34.     The repossession agent pounded on her home door around 3:00 a.m. demanding keys to her vehicle.   The repossession agent was so aggressive, the security guard for the building had to intervene.  The security guard told the repossession agent, he was acting illegally.  When she refused to provide the keys,

the repossession agent lifted the hood and started disconnecting wires and damaging the vehicle.  To get him to stop damaging the vehicle, she gave him the keys.

35.     On information and belief, the amounts demanded for the repossession were excessive and unreasonable.

36.     On or around July 30, 2015, Ms. King disputed the alleged amounts owed with Defendant LoanMart's agents "Gus," "Mannie," "Jamie," "Walter," and "Jefferson."  After about 7 transfers and more than an hour on the telephone waiting for Defendant LoanMart to investigate and review the file, Ms. King was told they would have to follow up with accounting.

37.     Ms. King received no further communication regarding her dispute, but rather received a dunning letter, dated August 5, 2015, demanding payment of $1,669.60.  This amount Ms. King did not owe and was inaccurate and misleading.

38.     Defendants mailed a notice of intent to sell the vehicle to Ms. King, dated on August 10, 2015, but mailed on August 11, 2015.

39.     In the notice of intent to sell the vehicle, the amounts to reinstate the Agreement and redeem the vehicle are inaccurate and misleading.

40.     On or around August 11, 2015, Defendants sent Ms. King a billing statement seeking amounts that Ms. King did not owe.  In the billing statement, Defendants demanded $1,953.32 by August 26, 2015.  On information and belief, this amount is inaccurate and misleading.

41.     On information and belief, Defendants are inaccurately reporting the amount of the debt to the credit reporting agencies and have not reported that the debt is disputed.

42.     Defendants continue the unfair and deceptive business practices detailed herein.

/////

/////

-6-

43.     On information and belief, unless the Defendants are enjoined from the unfair, unlawful, and deceptive practices detailed herein, Defendants will continue to engage in these bad actions.

44.     Defendants' actions described herein are willful and knowing.

45.     Plaintiff has suffered damages, including injury in fact and money damages, as a direct and proximate result of Defendants' actions.

## FIRST CAUSE OF ACTION

**Violations of the Federal Truth in Lending Act and Regulation Z Against All Defendants**

46.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 45 of the Complaint as if stated fully herein.

47.     Defendants have violated the federal Truth in Lending Act and Regulation Z, specifically Title 12 of the Code of federal Regulations section 226.17(c)(1) by failing to accurately disclose the terms of the legal obligations between Ms. King and Defendants.

48.     On information and belief, Defendants have violated the federal Truth in Lending Act and Regulation Z, specifically Title 12 of the Code of federal Regulations section 226.17(c)(2) by failing to provide accurate information relating to the amount of the registration fees reasonably available to Defendants and failing to state clearly that the disclosure is an estimate.

49.     Defendants have violated the federal Truth in Lending Act and Regulation Z, specifically Title 12 of the Code of federal Regulations section 226.18(b) because it failed to accurately disclose the amount financed.

50.     Defendants have violated the federal Truth in Lending Act and Regulation Z, specifically Title 12 of the Code of federal Regulations section 226.18(c), because it failed to properly itemize the amount financed.

51.     Defendants have violated the federal Truth in Lending Act and Regulation Z, specifically Title 12 of the Code of federal Regulations section

226.18(d), because it failed to accurately disclose the finance charge. The disclosure exceed the $10.00 permissible rate of error. On information and belief, there were undisclosed hidden finance charges.

52. On information and belief, the annual percentage rate is inaccurate. Defendants have violated the federal Truth in Lending Act and Regulation Z by failing to accurately disclose the annual percentage rate in violation of Title 12 of the Code of Federal Regulations sections 226.18(e) and 226.22. On information and belief, annual percentage rate is off by more than one eighth of one percent.

53. On information and belief, Defendants have violated the federal Truth in Lending Act and Regulation Z by failing to accurately disclose the finance charge and by including hidden finance charges.

54. Plaintiff has suffered damages as a direct and proximate result of these violations.

## SECOND CAUSE OF ACTION

**Violations of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code sections 1788, *et seq*. Against All Defendants**

55. Plaintiff repeats and realleges the allegations in paragraphs 1 through 54 of the Complaint as if stated fully herein.

56. On information and belief, Defendants collects debts, either on behalf of itself or others, in the regular and ordinary course of business.

57. Defendants violated the California Rosenthal Fair Debt Collection Practices Act, which regulates the collection of debts.

58. Defendants violated Civil Code section 1788.17 by violating 15 United States Code section 1692e(2)(A) by making a false representation of the amount of the debt in the collection of the aforementioned debt.

59. Defendants violated Civil Code section 1788.17 by violating 15 United States Code section 1692e(8) by communicating credit information which is known to be false.

-8-

60.     Defendants violated Civil Code section 1788.17 by violating 15 United States Code section 1692e(8) by failing to communicate that this purported debt is disputed to the credit reporting agencies.

61.     Defendants violated Civil Code section 1788.17 by violating 15 United States Code section 1692e(2)(10) by using a false and deceptive means to collect or attempt to collect the debt.

62.     Defendants violated Civil Code section 1788.17 by violating 15 United States Code section 1692f by asserting the right to collect an amount that it is not entitled to and is prohibited from collecting by the law.

63.     Defendants have not corrected these misrepresentations and violations.

64.     Defendants continue to engage in these unfair and deceptive business practices and are likely to continue to engage in doing so unless enjoined from these bad acts by this Court.

65.     Defendants' actions have directly and proximately caused Plaintiff' damages.

## THIRD CAUSE OF ACTION

### Declaratory Relief Pursuant to California Financial Code sections 22000, *et seq.* Against Defendant LoanMart

66.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 65 of the Complaint as if stated fully herein.

67.     California Financial Code sections 22000, *et seq.* regulate the transaction at issue because Defendant Finance Lender is a lender licensed with the California Department of Financial Institutions.

68.     California Financial Code section 22346 provides that any licensee who violates, among others, the federal Truth in Lending Act and Regulation Z violates the division.

69.     The Truth in Lending Act and Regulation Z regulate consumer credit financing.

-9-

70.     Pursuant to TILA and its related regulations, a loan agreement must clearly and accurately disclose the amount financed, the finance charge, and the total of payments.

71.     On information and belief, Defendants have violated the federal Truth in Lending Act and Regulation Z by, among other, the following acts:

72.     Defendants charged a hidden finance charge; and,

73.     Defendants disclosed inaccurate and misleading amounts in the itemization of the amount financed, including but not limited to the registration fees.

74.     Defendants' misrepresentations are violations of the federal Truth in Lending Act and Regulation Z and, in turn, violations of California Financial Code section 22346.

75.     On information and belief, the hidden finance charge was impermissible and the amounts charged were improper and not permitted.

76.     Defendants failed to correct the inaccurate and unlawful disclosures.

77.     Plaintiff has suffered damages as a direct and proximate result of Defendants' actions.

78.     The issue is in actual controversy as Ms. King has cancelled the Agreement, Defendants repossessed the vehicle, and on information and belief, have sold the vehicle without providing proper notice.  Defendants continue to attempt to collect the full balance of the debt from Ms. King.

**FOURTH CAUSE OF ACTION**

**Violations of the California Commercial Code sections 9601, *et seq*. Against Defendant LoanMart**

79.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 78 of the Complaint as if stated fully herein.

/////

/////

-10-

80.     California Commercial Code sections 9601, *et seq.* govern, in conjunction with the terms of the Agreement, the respective rights and obligations of the secured party and the debtor in the event of a default.

81.     Defendant LoanMart committed the following violations of California Commercial Code sections 9601, *et seq.*:

- Repossessing the car in an unreasonable and unnecessary manner;
- Charging unreasonable charges for repossession;
- Violating Commercial Code section 9613 for stating seriously misleading amounts owed in the notice of sale;
- Conducting the collection and disposition of the car in an unreasonable and unnecessary manner;
- Charging repossession fees that are unreasonable and unnecessary; and,
- Violating Commercial Code section 9616 by failing to send Ms. King an explanation of the deficiency balance.

82.     Plaintiff suffered damages as a direct and proximate result of the Defendant LoanMart's violations of these statutes.

## FIFTH CAUSE OF ACTION

### Conversion Against All Defendant LoanMart

83.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 82 of the Complaint as if stated fully herein.

84.     Conversion occurs where one party wrongfully exerts dominion over the personal property of another.

85.     California Civil Code sections 2983 and 2983.1 allow a buyer to cancel the contract where there has been a violation of California Civil Code section 2983(a).

86.     Ms. King had rights to the car, however, Defendant LoanMart has wrongfully exercised dominion over the vehicle.

87.    Defendants failed to provide a valid and accurate notice of intent to sell the car before auctioning the vehicle.

88.    The fair market value of the vehicle is a sum certain.

89.    As a direct and proximate result of Defendants' actions, Ms. King has suffered damages.

## SIXTH CAUSE OF ACTION

**Violations of California Business and Professions Code Sections 17200, *et seq.***

**Against Defendants**

90.    Plaintiff repeats and realleges the allegations in paragraphs 1 through 89 of the Complaint as if stated fully herein.

91.    California Business and Professions Code section 17200, *et seq.* prohibits unfair, unlawful, and fraudulent business practices.

92.    Defendants have engaged in unfair and unlawful competition as defined by the Business and Professions Code section 17200.

93.    Defendants' acts and practices as alleged herein are unfair because the utility of the conduct is outweighed by the gravity of the harm it causes.

94.    Further, Defendants' conduct is unfair because it offends established public policy or is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.  And, as detailed above and below, Defendants' conduct violates consumer laws, including the federal Truth in Lending Act and Regulation Z; the California Financial Code sections 22000, *et seq.*; and, the Rosenthal Fair Debt Collection Practices Act and violates the spirit of these statutes; and otherwise significantly threatens or harms consumers.

95.    Defendants' conduct has caused substantial injury, which was not reasonably avoidable by Plaintiff, and is not outweighed by countervailing benefits to consumers or to competition.

96.    Defendants' actions constitute unlawful competition because it engaged in the following acts:

-12-

(a)     Violating California Commercial Code sections 9601, *et seq*.;

(b)     Violating the federal Truth in Lending Act and Regulation Z; and,

(c)     Violating the California Rosenthal Fair Debt Collection Practices Act.

97.     Plaintiff suffered injury in fact and monetary damages as a direct and proximate result of Defendants' actions.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1.     Damages in an amount to be determined at trial;

2.     Statutory damages against Defendant LoanMart in an amount of $1,000.00 for violations of Rosenthal Fair Debt Collections Practices Act in accordance with California Civil Code section 1788.30(b);

3.     Statutory damages against Defendant LoanMart for $500.00 for violations USA Checks Cashed in an amount of $1,000.00 for violations of Rosenthal Fair Debt Collections Practices Act in accordance with California Civil Code section 1788.30(b);

4.     Statutory damages against Defendant USA Checks Cashed in an amount of $1,000.00 for violations of federal Fair Debt Collections Practices Act;

5.     Pursuant to California Business and Professions Code section 17203, that Defendants be enjoined from engaging in the unfair, unlawful, and deceptive business practices described herein;

6.     Interest, if applicable;

7.     Costs;

8.     Attorney's fees; and,

9.     Any other and further relief that the court considers proper.

1

2   Dated:  September 25, 2015

3                                              Respectfully submitted by,

4                                                  /s/ Alysson Snow

5                                                  _____

6                                                  Alysson Snow (SBN 225185)
                                                   Joe Villaseñor (SBN 265703)
7                                                  ***Attorneys for Plaintiff***
                                                   **Lori King**
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-